IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Michael Gary Pace,                    )     Case No. 2:25-cv-02710-JDA
                                      )
              Plaintiff,              )
                                      )
       v.                             )     **OPINION AND ORDER**
                                      )
John Cliff Long, *Magistrate Judge*;  )
Hannah Marie Kemmer, *Deputy*;        )
Grant Bailey Richards, *Solicitor*;   )
Chad Cox, *Sheriff*; William Patrick  )
Keesley, *Circuit Court Judge*;       )
Jason Scott Chehoski, *Public Defender*, )
                                      )
              Defendants.             )
_____ )

This matter is before the Court on Plaintiff's Complaint and attachments and on a Report and Recommendation of the Magistrate Judge. [Docs. 1; 1-2; 1-4; 29.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate William S. Brown for pre-trial proceedings.

Plaintiff's pro se § 1983 Complaint was docketed on April 1, 2025. [Doc. 1.] On May 5, 2025, the Magistrate Judge issued a Report and Recommendation (the "First Report") recommending that this case be dismissed without leave to amend and without issuance and service of process. [Doc. 14.] On October 23, 2025, the Court entered a Text Order recommitting the case to the Magistrate Judge. [Doc. 24.] On October 28, 2025, the Magistrate Judge issued a second Report and Recommendation (the "Second Report") recommending that this case be dismissed without leave to amend and without issuance and service of process and concluding that four of the six Defendants are

entitled to dismissal based on judicial or prosecutorial immunity or not being a state actor; that Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); that Plaintiff's claims for conspiracy under § 1985, deprivation of property, false arrest/imprisonment, malicious prosecution, and supervisory liability and his request for declaratory and injunctive relief are not adequately pled; and that Plaintiff's claims are frivolous to the extent they are premised on a "sovereign citizen" theory. [Doc. 29.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Second Report and the serious consequences if he failed to do so. [*Id*. at 37.] On November 19, 2025, the Clerk docketed objections from Plaintiff. [Doc. 32.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

2

**BACKGROUND**

Plaintiff commenced this action on April 1, 2025, by filing a document that was construed as a complaint seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1.] On May 2, 2025, Plaintiff filed a complaint on the standard form and also filed supporting documents. [Docs. 1-2; 1-4.] Construing Plaintiff's pro se filings liberally, the Court construes all of these documents together as the "Complaint" filed in this action. The Magistrate Judge has accurately summarized the facts in the Second Report's background section [Doc. 29 at 1–13], and the Court incorporates that section by reference and only briefly recounts the relevant facts.

Plaintiff alleges that Defendants Deputy Hannah Kemmer and Sheriff Chad Cox violated his rights in relation to an unlawful traffic stop and search of his vehicle without probable cause, leading to his false arrest on drug charges on February 14, 2024, and the seizure of his vehicle. [Doc. 1-4 ¶¶ 19–25, 28, 57–61, 64, 74, 76–87, 102, 109.] Plaintiff further asserts that Defendant Judge John Long dismissed the resulting case against him at his preliminary hearing and struck his gavel, only to immediately and unlawfully reverse his ruling and order Plaintiff to remain in detention. [*Id.* ¶¶ 34, 36–37.]

Plaintiff alleges that Defendant Grant Richards, who was the solicitor prosecuting the case, failed to respond to discovery and speedy-trial motions filed by Plaintiff and disregarded exculpatory evidence. [*Id.* ¶¶ 30, 31, 39.] Plaintiff claims that Defendant Jason Chehoski, the public defender representing him, never visited him in jail or consulted with him concerning his case; ignored his speedy-trial demand; did not file a motion to compel discovery despite Richards's failure to respond to Plaintiff's request for discovery; and advised Plaintiff that if he did not plead guilty, he would remain in jail for

3

at least six more months waiting for trial. [*Id.* ¶¶ 29, 30, 31, 32, 43, 46.] Plaintiff alleges that Defendant Judge William Keesley accepted his guilty plea "without establishing jurisdiction, without ensuring the plea was voluntary, and without addressing multiple written confessions by April Anderson [Plaintiff's fiancée]." [*Id.* ¶ 48.]

Court records reflect that Plaintiff was originally arrested and charged in February 2024 with trafficking in methamphetamine or cocaine base, 10 grams or more but less than 28 grams, first offense, but that he pled guilty on August 14, 2024, to manufacturing or distributing cocaine base, first offense. *See State v. Pace*, No. 2024A3510100046, available at McCormick County Eleventh Judicial Circuit Public Index, https://publicindex.sccourts.org/McCormick/PublicIndex/PISearch.aspx (search by case number listed above) (last visited July 21, 2026).[1] Plaintiff was sentenced to a term of imprisonment of seven years, provided that upon service of 182 days, the balance would be suspended with 42 months' probation. *Id.* Plaintiff also alleges that on December 5, 2024, Defendants secured a grand jury indictment against him for the offense to which he had already pled guilty. [Doc. 1-4 ¶ 50.]

Plaintiff asserts claims under 42 U.S.C. § 1983 for violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment right; failure to intervene/supervisor liability; and judicial misconduct. [Docs. 1-2 at 5; 1-4 ¶¶ 57–98.] He also alleges a claim under 42 U.S.C. § 1985(3) for conspiracy to interfere with civil rights and a claim for "violations of natural law rights." [Docs. 1-2 at 5; 1-4 ¶¶ 99–109.] Plaintiff seeks money damages,

---

[1] The Court takes judicial notice of Plaintiff's state court records. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of maters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

4

declaratory and injunctive relief, and attorneys' fees and costs.  [Doc. 1-2 at 7; Doc. 1-4 at 15.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Plaintiff is proceeding pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the party proceeding pro se could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the pro se party's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Section 1983**

42 U.S.C. § 1983 provides a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

## **DISCUSSION**[2]

### **Claims Against Judge Long, Judge Keesley, Richards, and Chehoski**

The Magistrate Judge concluded that Judges Long and Keesley are entitled to judicial immunity, that Richards is entitled to prosecutorial immunity, and that Chehoski is not a proper defendant in a § 1983 claim because he is not a state actor. [Doc. 29 at 14–21.] In his objections, Plaintiff challenges each of these conclusions. [Doc. 32 at 21–24.] The Court has considered each de novo and agrees with the Magistrate Judge for the reasons set out in the Second Report. [Doc. 29 at 14–21.] Accordingly, the claims against these four Defendants are dismissed.

### **Claims Barred by *Heck***

The Magistrate Judge also concluded that Plaintiff's claims are barred by *Heck*. [*Id.* at 21–23, 24–26.]

In *Heck*, the Supreme Court explained,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

---

[2] Plaintiff argues that the Magistrate Judge erred in applying the Prison Litigation Reform Act (the "PLRA") to him because the PLRA applies only to prisoners who are currently incarcerated, not to people out of prison and on probation and because his suit does not concern prison conditions. [Doc. 32 at 11–12.] This objection is overruled. The Magistrate Judge did not apply the PLRA here. Because Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, the Court is authorized to dismiss the case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). That is the authority under which the Magistrate Judge recommends summary dismissal. [Doc. 29 at 13.] Plaintiff also argues that the Magistrate Judge failed to follow this Court's October 23, 2025, Order. [*Id.* at 2– 5.] The Court disagrees with Plaintiff. Finally, Plaintiff argues that the Magistrate Judge erred in concluding that Kemmer and Cox are entitled to qualified immunity. [*Id.* at 23, 25, 27.] However, the Court does not read the Second Report as reaching that conclusion.

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87 (footnote omitted). The Court further provided that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487. This is known as the "favorable termination" requirement.[3] *Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008) (internal quotation marks omitted). Moreover, for causes of action that would necessarily demonstrate the invalidity of a plaintiff's confinement or its duration, *Heck* bars claims for injunctive or declaratory relief as well as those for money damages. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . .—*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration."); *Mobely v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012) (applying *Heck* in a civil action seeking damages and injunctive relief relating to federal convictions).

---

[3] *Heck* applies only for plaintiffs who either are currently in custody or who have completed their sentences but could have practically sought habeas relief while in custody. *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 697 (4th Cir. 2015) ("A would-be plaintiff who is no longer in custody may bring a § 1983 claim undermining the validity of a prior conviction only if he lacked access to federal habeas corpus while in custody."); *Covey v. Assessor of Ohio Cnty.*, 777 F.3d 186, 197 (4th Cir. 2015). A plaintiff currently serving a probation term satisfies the in-custody requirement. *Bishop v. Cnty. of Macon*, 484 F. App'x 753, 755 (4th Cir. 2012).

In his objections, Plaintiff challenges the Magistrate Judge's *Heck* analysis for two reasons. First, he contends that his arguments that his conviction is invalid demonstrates that the conviction already has been invalidated for *Heck* purposes. [Doc. 32 at 10–11, 19–21.] He also contends that with the following claims, judgment in Plaintiff's favor would not necessarily imply the invalidity of his conviction:. "[e]vidence [f]abrication," against Kemmer; "[s]uppression of [e]xculpatory [e]vidence," against all Defendants; "[f]orgery," against Chehoski; "[f]alse [i]mprisonment," against Cox, Kemmer, and Judge Long; "[c]oerced [g]uilty [p]lea," against Judge Keesley and Chehoski; and "[c]onspiracy," against all Defendants (collectively, the "Six Claims"). [*Id.* at 18–19; *see id.* at 10–11, 17–21, 27–29.] The Court overrules Plaintiff's objections.

First, Plaintiff's arguments that his conviction is legally invalid do not demonstrate, for *Heck* purposes, that the conviction has already been invalidated. Rather, even if the Court agrees with Plaintiff that his conviction is invalid, that shows only that he is entitled *eventually* to have the conviction invalidated; it does not meet *Heck*'s requirement that the conviction *already* has been invalidated.[4] *See Heck*, 512 U.S. at 486–87; *Walker v. McCaslin*, No. 6:25-cv-12442-JDA, 2026 WL 1724350, at *7 n.5 (D.S.C. June 15, 2026) ("Plaintiff essentially alleges not that criminal proceedings have terminated in his favor, but rather, that he is entitled to have them terminated in his favor.").

---

[4] This analysis also addresses Plaintiff's objections that the Magistrate Judge failed to analyze the constitutional significance of facts Plaintiff argues show that his conviction is invalid. [Doc. 32 at 8–11, 24, 26.] Because Plaintiff's claims that would imply the unconstitutionality of his arrest, imprisonment, and conviction are barred by *Heck*, the merits of the constitutional claims are immaterial. The Court also agrees with the Magistrate Judge's conclusion that any challenge to any ongoing state judicial proceedings would be barred by *Younger v. Harris*, 401 U.S. 37 (1971). [*See* Doc. 29 at 11–12 n.4.] And, the Court agrees with the Magistrate Judge's conclusion that Plaintiff fails to adequately plead conspiracy, even apart from *Heck*. [Doc. 29 at 23–24.]

Additionally, five of the Six Claims would necessarily imply the invalidity of Plaintiff's conviction were he to prevail, and thus are barred by *Heck*.[5]  Courts have determined that claims of fabrication of material evidence are *Heck*-barred.  *See Redd v. Dever*, No. 5:19-CT-3395-FL, 2020 WL 5229031, at *2 (E.D.N.C. Aug. 17, 2020) (holding that a claim of fabrication of material evidence was barred by *Heck*), *aff'd*, 830 F. App'x 110 (4th Cir. 2020); *see also Charles v. Greenway,* No. 1:13-cv-68-RJC, 2013 WL 1823095, at *2 (W.D.N.C. Apr. 30, 2013) (finding the plaintiff's claim "contending that his indictment was based on no evidence or false evidence, and his subsequent charge and arrest violated due process" barred by *Heck*); *Mixson v. Burke,* No. 2:12-2609-DCN-PJG, 2013 WL 1282036, at *4 (D.S.C. Mar. 4, 2013) (finding the plaintiff's allegations of "lack of probable cause for arrest, falsified legal filings and argument . . . if true, would necessarily invalidate the state charges" and are barred by *Heck*), *Report and Recommendation affirmed by* 2013 WL 1281898 (D.S.C. Mar. 27, 2013); *Adkins v. Hendrick*, No. 4:12-1295-CMC-KDW, 2012 WL 2178701, at *3 (D.S.C. May 29, 2012) (concluding that claims that the defendants submitted evidence they knew to be false during the plaintiff's murder trial were barred by *Heck*), *Report and Recommendation adopted by* 2012 WL 2178698 (D.S.C. June 13, 2012)

The same is true of claims alleging the suppression of exculpatory evidence.  *See Adkins*, 2012 WL 2178701, at *3 (concluding a claim that defendants had suppressed, destroyed, withheld, and deprived the plaintiff of exculpatory evidence was barred by

---

[5] The sixth claim, which is alleged forgery by Chehoski concerns Plaintiff's allegation that "Chehoski forged Plaintiff's signature on court documents."  [Doc. 32 at 18.]  Besides being too vague to state a claim, that allegation does not appear in the Complaint.  [*See generally* Doc. 1-4.]

*Heck)*; *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (holding that the plaintiff's claim that his constitutional rights were violated by withholding of exculpatory evidence was barred by *Heck*). Additionally, Plaintiff's success on his claim for false arrest and false imprisonment would necessarily imply the invalidity of his conviction, as the claim could succeed only if Plaintiff showed he was arrested or held without probable cause, as the Magistrate Judge explained [Doc. 29 at 29–31]. A determination that probable cause did not exist would imply the invalidity of Plaintiff's conviction.[6] *See Covey*, 777 F.3d at 197; *see also Garcia v. Enzor*, No. 3:21-01359-MGL, 2022 WL 3655236, at *2 (D.S.C. Aug. 25, 2022) (concluding that the plaintiff's claim for false arrest was directly related to his conviction and that a favorable determination of these claims would imply the invalidity of his conviction), *aff'd*, No. 22-1924, 2024 WL 1366578 (4th Cir. Apr. 1, 2024).

Finally, were Plaintiff to succeed on his claim that his guilty plea was coerced, that would also necessarily imply the invalidity of his conviction. *See, e.g.*, *Holly v. Boudreau*, 103 F. App'x 36, 38 (7th Cir. 2004) (holding that *Heck* barred a claim that the plaintiff's guilty plea was coerced); *Redd*, 2020 WL 5229031, at *2 (same). For all of these reasons, Plaintiff's *Heck* objections are overruled.[7]

---

[6] Plaintiff's claim that Defendants conspired to take any of these actions is barred by *Heck* as well. *See, e.g.*, *Dickerson v. Neuschafer*, No. 4:25-9932-JD-SVH, 2025 WL 4741629, at *8–9 (D.S.C. Oct. 24, 2025), *Report and Recommendation adopted by* 2026 WL 911398 (D.S.C. Apr. 2, 2026).

[7] Plaintiff does not specifically address the claims for deprivation of property and supervisory liability. Nonetheless, out of an abundance of caution for the pro se Plaintiff, the Court has reviewed the Magistrate Judge's analysis of these issues de novo and finds no error. [*See* Doc. 29 at 26–28, 31–32.] Plaintiff argues that the Magistrate Judge erred in concluding that his claims were frivolous to the extent that they are premised on a sovereign citizen theory. [Doc. 32 at 5–8; *see* Doc. 29 at 32–36.] The Court declines to address the issue as it is not material to the result here as Plaintiff's action is subject to

**CONCLUSION**

In sum, the Court has conducted a de novo review of the Report, the record, and the applicable law.    Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, Plaintiff's action is DISMISSED without issuance and service of process.  Dismissal is with prejudice as to claims against Judge Long, Judge Keesley, Richards, and Chehoski and without prejudice as to the claims against Kemmer and Cox.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

July 21, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

summary dismissal for the other reasons discussed.  Plaintiff also objects to the Magistrate Judge's conclusions that no § 2254 action would be proper at this time because Plaintiff has not exhausted his state court remedies and that any challenge to ongoing criminal proceedings would be barred by *Younger*.  [Doc. 32 at 13, 15–16.] Plaintiff contends specifically that his action is not a § 2254 action and there are no ongoing state proceedings.  [*Id.*]  Again, these issues are immaterial to the result here, and thus the Court declines to address them further.

11